# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAMMY MANNING and MATTHEW
MANNING, individually; BRYANNE BURTON,
individually and as Parent and Natural Guardian of
MB and JM; AMANDA GRONDIN, individually
and as Parent and Natural Guardian of EG;

     Plaintiffs,

v.

WPX ENERGY APPALACHIA, LLC; WPX
ENERGY INC; THE WILLIAMS COMPANIES,
INC.;

     Defendants.

CIVIL ACTION NO.

*3:12-cr-646*

FILED
SCRANTON

APR 0 9 2012

PER _____

DEPUTY CLERK

## COMPLAINT

Plaintiffs, through their undersigned attorneys, for their Complaint at Law and in Equity against Defendants allege the following:

## INTRODUCTION

1. Plaintiffs complain, *inter alia*, of environmental contamination and polluting events caused by the conduct and activities of the Defendants herein, who caused the releases, spills, and discharges of combustible gases, hazardous chemicals, and industrial wastes from its oil and gas drilling facilities.

2. These releases, spills and discharges caused the Plaintiffs and their property to be exposed to such hazardous gases, chemicals, and industrial wastes and caused damage to the natural resources of the environment in and around the Plaintiffs' properties, causing Plaintiffs to incur health injuries, loss of use and enjoyment of their property, loss of quality of life, emotional distress, and other damages.

## PARTIES

3. At all times mentioned herein, the below named Plaintiffs were and are citizens of the State of Pennsylvania, residing with their children and grandchildren in the County of Susquehanna, at the address as listed:

a. Tammy Manning
20784 State Route 29
Montrose, PA 18801

b. Matthew Manning
20784 State Route 29

2

Montrose, PA 18801

c. Bryanne Burton
20784 State Route 29
Montrose, PA 18801

Minor Children
     MB
     JM

d. Amanda Grondin
20784 State Route 29
Montrose, PA 18801

Minor Children
     EG

4. The aforementioned Plaintiffs are hereinafter collectively referred to as "Plaintiffs".

5. At all times mentioned herein, Defendant, WPX ENERGY APPALACHIA LLC, was and is a Delaware corporation, with its headquarters and principal place of business located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6. At all times hereinafter mentioned, Defendant, WPX ENERGY APPALACHIA LLC, owned, and continues to own, operate, drill, construct and conduct exploration and production of natural gas wells, including but not limited to the Hollenbeck Wells 1H, 2H, 3H, 4H, 5H and 6H wells, which for purposes of brevity will hereafter be referred to as the "Hollenbeck Wells."

3

7. Defendant also owned, and continues to own, operate, drill, construct and conduct exploration and production of natural gas wells, including but not limited to the Depue Wells 1H, 2H, 3H, 4H, 5H, 6H, 7H, 8H, 9H and 10H wells, which for purposes of brevity will hereafter be referred to as the "Depue Wells."

8. WPX ENERGY APPALACHIA has engaged in various gas exploration and production activities in the State of Pennsylvania, including Susquehanna County, as more fully described herein, and the Plaintiffs claims arise out of such activities.

9. At all times mentioned herein, Defendant, WPX ENERGY INC, was and is a Delaware corporation, with its headquarters and principal place of business located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

10. Defendant, WPX ENERGY INC engaged in various oil and gas exploration and production activities in the State of Pennsylvania, including Susquehanna County. Such activities include ownership, operation, construction, drilling, hydraulic fracturing, production and maintenance of the Hollenbeck Wells and Depue Wells. Plaintiffs' claims arise out of these activities.

11. At all times mentioned herein, Defendant, THE WILLIAMS COMPANIES INC, was and is a Delaware corporation, with its headquarters and principal place of business located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4

12.    Defendant, THE WILLIAMS COMPANIES INC, engaged in various oil and gas exploration and production activities in the State of Pennsylvania, including Susquehanna County. Such activities include ownership, operation, construction, drilling, hydraulic fracturing, production and maintenance of the Hollenbeck Wells and Depue Wells. Plaintiffs' claims arise out of these activities.

13.For purposes of brevity WPX ENERGY APPALACHIA, WPX ENERGY INC, and THE WILLIAMS COMPANIES shall be hereinafter referred to as "Defendants".

### GENERAL ALLEGATIONS

14. On or about March 2011 and continuing thereafter, and at all times mentioned herein, Defendants engaged in drilling and hydraulic fracturingactivities, and operated the Hollenbeck, and Depue Wells located near Montrose Township, Susquehanna County, Pennsylvania wherein Plaintiffs own property and/or reside. All harms complained herein are the result of the drilling hydraulic fracturing, operation and production of the following wells by the named Defendants.

      a.  Hollenbeck 1H, Facility ID: 738983

      b.  Hollenbeck 2H, Facility ID: 738973

      c.  Hollenbeck 3H, Facility ID: 738971

      d.  Hollenbeck 4H, Facility ID: 738952

   e. Hollenbeck 5H, Facility ID: 738950

   f. Hollenbeck 6H, Facility ID: 738948

   g. Depue 1H, Facility ID: 738381

   h. Depue 2H, Facility ID: 731830

   i. Depue 3H, Facility ID: 738382

   j. Depue 4H, Facility ID: 735046

   k. Depue 5H, Facility ID: 738383

   l. Depue 6H, Facility ID: 735051

   m. Depue 7H, Facility ID: 738393

   n. Depue 8H, Facility ID: 735053

   o. Depue 9H, Facility ID: 738396

15. WPX ENERGY APPALACHIA has received notice of violations from the

   Pennsylvania Department of Environmental Protection ("PADEP") for the

   Hollenbeck wells:

   a. Hollenbeck 1H, Facility ID: 738983

      i. Violations: Multiple outstanding violations (4/28, 4/29, 5/5, 7/8

         and 9/23 of 2011). Failure to properly store, transport, process

         or dispose of a residual waste. Pit and tanks not constructed

         with sufficient capacity to contain pollutional substances;

         failure to adopt pollution prevention measures required or

prescribed by the DEP by handling materials that create a danger of pollution; failure to notify DEP of pollution incident; discharge of pollutional materials to the waters of the Commonwealth; failure to minimize accelerated erosion, implement E&S plan, maintain E&S controls; failure to stabilize site under total site restoration under OGA Sec 206(c)(d)

b. Hollenbeck 3H, Facility ID: 738971

  i. Violations: Failure to install, in a permanent manner, the permit number on a completed well; failure to report defective, insufficient, or improperly cemented casing w/in 24 hrs or submit plan to correct w/in 30 days.

c. Hollenbeck 4H, Facility ID: 738952

  i. Violations: Failure to properly control or dispose of industrial or residual waste to prevent pollution of the waters of the Commonwealth.

16. WPX ENERGY APPALACHIA has received notice of violations from the PADEP for the Depue wells:

a. Depue 2H, Facility ID: 731830

      i. Violations: Failure to minimize accelerated erosion, implement E&S plan, maintain E&S controls; failure to stabilize site under total site restoration under OGA Sec 206(c)(d). Outstanding violations on 3/15/2011.

  b. Depue 6H, Facility ID: 735051

      i. Violations: Pit and tanks not constructed with sufficient capacity to contain pollutional substances; failure to properly store, transport, process or dispose of a residual waste; site conditions present a potential for pollution to waters of the Commonwealth.

  c. Depue 8H, Facility ID: 735053

      i. Failure to report defective, insufficient or improperly cemented casing w/in 24 hours or submit plan to correct w/in 30 days; failure to notify DEP of pollution incident; failure to properly control or dispose of industrial or residual waste to prevent pollution of the waters of the Commonwealth.

17. At all times mentioned herein, in order to extract natural gas from the Hollenbeck Wells and Depue Wells, Defendants used a drilling process known as hydraulic fracturing and horizontal drilling. Hydraulic fracturing requires the

discharge of enormous volumes of hydraulic fracturing fluids otherwise known as "hydraulic fracturing fluid" or "drilling mud" into the ground under extreme pressure in order to dislodge and discharge the gas contained under the ground.

18. The composition of "hydraulic fracturing fluid" and/or drilling mud includes hazardous chemicals that are carcinogenic and toxic.

19. Diesel fuel and lubricating materials, also consisting of hazardous chemicals, are utilized during drilling and well operations.

20. The Defendants located the Hollenbeck Well's well pad within approximately one thousand feet (1000 ft.) of the Plaintiffs' property, home and water supply well.

21. The Defendants located the Depue Wells well pad within 1.4 miles of the Plaintiffs' property, home and water supply well.

22. At all times mentioned herein, Plaintiffs rely on ground water well for drinking, bathing, cooking, washing and other daily residential and business uses.

23. At all times mentioned herein, and upon information and belief, Defendants were otherwise negligent and/or grossly negligent in the drilling, construction and operation of the Hollenbeck Wells and Depue Wells such that:

    a.    Pollutants and industrial and/or residual waste, including drilling fluids, slick water solutions, hydraulic fracturing fluids, production waters, and/or other liquid waste products werecaused to be discharged into the ground or into the waters near Plaintiffs' home and water well;

9

24. Upon information and belief, at all times mentioned herein the release and discharges of contaminants were the result of improper, insufficient, and/or defective slurry cements, cements, and/or cement casings of the Hollenbeck Wells and Depue Wells located near Plaintiffs' home.

25. Upon information and belief, at all times mentioned herein the discharges and spills of industrial and/or residual waste, diesel fuel and other pollutants and hazardous substances were the result of Defendants' negligence, including the negligent planning, training and supervision of staff, employees and/or agents.

26. Upon information and belief, these aforementioned activities, including but not limited to improper spills, discharges, and releases of hazardous and toxic chemicals and gases, including but not limited to methane, barium, manganese and strontium.

27. Upon information and belief, the Defendants maintained their activities in such a negligent and improper manner as to violate various Pennsylvania state laws and the Rules and Regulations promulgated there under, including, but not limited to the Pennsylvania Clean Streams Law, 35 P.S. §§691.1, *et seq.*, the Pennsylvania Solid Waste Management Act, 35 P.S. §§ 6018.101, *et seq.*, the Pennsylvania Oil and Gas Act, 58 P.S. §§ 601.101, *et seq.*, the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 P.S. §§ 6020.101, *et seq.*; the Federal Solid Waste Disposal Act, 42 USC §§ 6901, *et seq.*; the Federal Comprehensive Environmental

Response, Compensation, and Liability Act, 42 USC §§ 9601, *et seq.*; and the

Federal Water Pollution Control Act, 33 USC§§ 1251, *et seq.*

28. As a result of the aforementioned releases, spills, discharges, and

nonperformance attributed to and caused solely by Defendants' negligent and/or

grossly negligent drilling and production activities, Plaintiffs and their properties

have been seriously harmed, to wit:

     a.     Plaintiffs' water suppy is contaminated.

     b.     Plaintiffs have been and continue to be exposed to hazardous chemicals.

     c.     Plaintiffs' property has been harmed and diminished in value.

     d.     Plaintiffs have lost the use and enjoyment of their property, and the quality of life they otherwise enjoyed.

     e.     Plaintiffs live in constant fear of future physical illness, particularly with respect to the health of their minor children and grandchildren.

     f.     Plaintiffs have and/or will continue to pay costs for water sampling and alternative water testing.

     g.     All Plaintiffs have suffered inconvenience and discomfort due to the contamination of their water supply and damage to their property.

29. As a result of the foregoing and following allegations and Causes of

Action, Plaintiffs seek, *inter alia*, a preliminary and permanent injunction barring

Defendants from engaging in the acts complained of and requiring Defendants to

abate the nuisances, unlawful conduct, violations and damages created by them and

an order requiring Defendants to pay compensatory damages, punitive damages, the cost of future health monitoring, and to provide any further relief that the Court may find appropriate.

## CAUSES OF ACTION

### First Cause of Action: Hazardous Sites Cleanup Act

30. Plaintiffs repeat and reallege the allegations of paragraph "1" through "29" of this Complaint, as though set forth in this paragraph at length.

31. The locations of the releases of hazardous substances as set forth above constitute "sites" as defined by the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 P.S. §§ 6020.101, et. seq.

32. The spills, releases, and discharges set forth above constitute "releases" of hazardous substances and contaminants under HSCA.

33. At all relevant times, Defendant owned and/or owns and operated the sites (Hollenbeck and Depue Wells), and/or Defendant owned or possessed and arranged for the disposal, treatment or transport for disposal or treatment of the hazardous substances, under the HSCA.

34. At all relevant times, Defendants operated the site (Hollenbeck and Depue Wells), and/or owned or possessed and arranged for the disposal, treatment or transport for disposal or treatment of the hazardous substances, under the HSCA.

35. Defendants are a "responsible person" responsible for the release, releases and/or threatened release of hazardous substances, under HSCA.

36. As set forth above, Defendants have caused, and continue to cause, releases and/or substantial threats of releases, of hazardous substances or contaminants which present a substantial danger to the public health or safety or the environment, under HSCA.

37. Pursuant to Section 507, 702 and 1101 of HSCA, 35 P.S. §§ 6020.507, 6020.702 and 6020.1101, Defendants are strictly liable for costs incurred by Plaintiffs to respond to Defendants' releases and/or threatened releases of hazardous substances and contaminants, including but not limited to the cost of a health assessment or health effects study, medical monitoring, and interest.

38. The above releases and threats of releases of hazardous substances and contaminants by Defendants constitute public nuisances under Section 1101 of HSCA, 35 P.S. § 6020.1101.

39. The above releases and threats of releases of hazardous substances by Defendant constitute unlawful conduct under Section 1108 of HSCA, 35 P.S. §6020.1108.

40. The above releases, and threats of releases of hazardous substances and contaminants by Defendants, have caused and threaten to cause personal injury and property damage to Plaintiffs.

41. Defendants, by reason of these releases and threats of releases, are liable for all the response costs, damages and injuries to Plaintiffs proximately caused by the releases and threats of releases, and must further remediate these releases, threats of releases, and resultant contamination.

## Second Cause of Action: Negligence

42. Plaintiffs repeat and reallege the allegations of paragraph "1" through "41" of this Complaint, as though set forth in this paragraph at length.

43. Defendants, by violating the various laws indicated herein, engaged in negligence *per se*.

44. Defendants owed a duty of care to Plaintiffs to responsibly drill, own and operate the Hollenbeck Wells and Depue Wells, respond to spills and releases of hazardous chemicals, prevent such releases and spills, and take all measures reasonably necessary to inform and protect the public, including Plaintiffs, from the contamination of their water supply and exposure to hazardous chemicals and combustible gases.

45. Defendants, including its officers, agents, and/or employees, knew or in the exercise of reasonable care should have known its operations would result in the release or the threat of release of combustible gases and hazardous chemicals.

14

46. Defendants, including its officers, agents, and/or employees, knew or in the exercise of reasonable care should have known, of the dangerous, offensive, hazardous or toxic nature of its operations.

47. Defendants, including its officers, agents, and/or employees, knew or in the exercise of reasonable care should have known, of the dangerous, offensive, hazardous or toxic nature of the combustible gases and hazardous chemicals released by Defendants, and that they were capable of causing serious personal injury to persons coming into contact with them, polluting the water supply of the Plaintiffs, damaging property and causing natural resource damage.

48. Defendants, including their officers, agents, and/or employees, should have taken reasonable precautions and measures to prevent or mitigate the releases and spills, including the design and operation of process systems so that such releases and spills did not occur, as well as adequate planning for such spills or releases or other emergencies.

49. Defendants, including their officers, agents, and/or employees, knew, or in the exercise of reasonable care should have known, that once a spill or release occurred, they should take reasonable measures to protect the public, including by issuing immediate and adequate warnings to nearby residents, including Plaintiffs, to emergency personnel and to public officials.

50. Defendants, including their officers, agents, and/or employees, knew or in the exercise of reasonable care should have known, that the spills and releases caused by Defendants' negligent conduct, and the resultant harm to Plaintiffs and their property, were a foreseeable and inevitable consequence of Defendants' acts and/or omissions in the manner in which it engaged in its gas drilling and production activities.

51. Defendants, including their officers, agents, and/or employees, acted unreasonably and negligently in causing the releases and spills and the contamination of Plaintiffs' water supply and property, and failed to take reasonable measures and precautions necessary to avoid and/or respond to the spills and releases of hazardous chemicals, and to protect the public, including the Plaintiffs from hazardous chemicals.

52. Defendants' acts and/or omissions mentioned herein were the direct and proximate cause of the damages and injuries to Plaintiffs alleged herein.

53. Contamination resulting from the Defendants' negligence continues to this day, and is likely to continue into the future, unless injunctive relief is awarded by this Court abating the nuisances and enjoining Defendants from engaging in their drilling and production activities in the Hollenbeck Wells and Depue well areas.

54. Some or all of the acts and/or omissions of the Defendants are grossly, recklessly and wantonly negligent, and were done with utter disregard for the

consequences to Plaintiffs and other persons, and therefore, Plaintiffs are entitled to an award of punitive damages.

55. Plaintiffs in no way contributed to the damages and injuries they have sustained.

56. Defendants, by reason of their negligence, is liable for all the damages and injuries to Plaintiffs proximately caused by the spills and releases of hazardous chemicals indicated herein, and to remediate the contamination caused by such spills and releases.

## Third Cause of Action: Private Nuisance

57. Plaintiffs repeat and reallege the allegations of paragraph "1" through "56" of this Complaint, as though set forth in this paragraph at length.

58. Defendants, by their acts and/or omissions, including those of its officers, agents, and/or employees, have caused an unreasonable and substantial interference with Plaintiffs' right to use and enjoy Plaintiffs' property.

59. Defendants, including their officers, agents and/or employees, have created and maintained a continuing nuisance in the Hollenbeck Wells and Depue Well areas, by allowing the Wells to exist and operate in a dangerous and hazardous condition, allowing the spills and releases, and/or the threats of spills and releases, of hazardous chemicals, and allowing the spills and releases to continue to spread

to surrounding areas, including Plaintiffs' property and drinking water supply, resulting in injuries to Plaintiffs' health, well being and property.

60. This nuisance continues to this day, and is likely to continue into the future.

61. Defendants, by reason of this private nuisance, are liable for all the damages and injuries to Plaintiffs proximately caused by the spills, releases and contamination, and to remediate the contamination.

## Fourth Cause of Action: Strict Liability

62. Plaintiffs repeat and reallege the allegations of paragraph "1" through "61" of this Complaint, as though set forth in this paragraph at length.

63. The hazardous chemicals and combustible gases, generated, used, released processed, and stored by Defendants are of a toxic and hazardous nature capable of causing severe personal injuries and damages to persons and property coming into contact with them, and therefore are ultra hazardous and abnormally dangerous.

64. The drilling operation, production and hydro-fracturing of the Hollenbeck Wells and Depue Wells, adjacent to, or on residential properties, was and continues to be an abnormally dangerous and ultra hazardous activity, subjecting persons coming into contact with the hazardous chemicals and combustible gases to severe personal injuries, regardless of degree of caution Defendants might have exercised.

65. Defendants, by engaging in abnormally dangerous and ultra hazardous activities, are strictly liable with regard to fault for all the damages and injuries to Plaintiffs proximately caused by the spills, releases and contamination caused by Defendants, and to remediate the contamination.

## Fifth Cause of Action: Trespass

66. Plaintiffs repeat and reallege the allegations of paragraph "1" through "65" of this Complaint, as though set forth in this paragraph at length.

67. Defendants' aforementioned acts and omissions both constituted and resulted in such physical invasion of Plaintiffs' property, and the aquifers underlying Plaintiffs' property, that Plaintiffs have suffered damages to such property, and to the health and well-being of their family.

## Sixth Cause of Action: Medical Monitoring Trust Funds

68. Plaintiffs repeat and reallege the allegations of paragraph "1" through "67" of this Complaint, as though set forth in this paragraph at length.

69. As set forth above, as a result of Defendants' negligent acts and/or omissions, plaintiffs have been exposed to hazardous substances.

70. The levels of hazardous substances to which plaintiffs have been exposed are greater than normal background levels.

71. As a proximate result of their exposure to such hazardous substances, Plaintiffs have a significantly increased risk of contracting a serious latent disease.

72. A monitoring procedure exists that makes the early detection of the disease possible.

73. Such early detection will help to ameliorate the severity of the disease. The prescribed monitoring regime is different from that normally recommended in the absence of the exposure.

74. The prescribed monitoring regime is reasonably necessary according to contemporary medical opinion.

**WHEREFORE, upon the aforesaid Causes of Action, Plaintiffs seek the following relief:**

i.    The reasonable and necessary costs of remediation of the hazardous substances and contaminants;

ii.   A preliminary and permanent injunction barring Defendants from engaging in the acts complained of and requiring Defendants to abate the aforesaid nuisances, wrongful acts, violations and damages created by them within the Hollenbeck Wells and Depue Well Areas;

iii.  The cost of future health monitoring;

iv.   Compensatory damages for the loss of property value, damage to the natural resources of the environment in and around the Plaintiffs' properties, medical costs, loss of use and enjoyment of their property, loss of quality of life, emotional distress suffered by plaintiff "", and for inconvenience and discomfort for all plaintiffs, personal injury and such other reasonable damages incidental to the claims.

v.    Punitive damages from Defendants for gross negligence; and

vi.    Any further relief that the Court may find appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand that the trial of all issues be heard by a Judge sitting with jury.

Dated: April 5, 2012

RESPECTFULLY SUBMITTED,

William J. Dubanevich Esq.,
Parker Waichman, LLP
6 Harbor Park Drive South
Port Washington, NY  11050
Telephone:  (516) 466-6500
wdubanevich@yourlawyer.com

Richard J. Arsenault, Esq.,
Neblett, Beard & Arsenault
2220 Bonaventure Court
Alexandria, Louisiana 71301
Telephone: (800) 256-1050
rarsenault@nbalawfirm.com