# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY MANNING, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:CV-12-0646 |
| v. | (JUDGE CAPUTO) |
| WPX ENERGY APPALACHIA, LLC, et al., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is a Motion to Dismiss without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), filed by two (2) of the seven (7) adult plaintiffs in this matter: Bryanne Burton, individually and as a parent and natural guardian of M.B. and J.M., and Amanda Grondin, individually and as a parent and natural guardian of E.G. (collectively "Burton and Grondin") (Doc. 71). Burton and Grondin move to voluntarily dismiss all of their claims without prejudice. Also before the court are Defendants' Brief in Opposition to this motion (Doc. 73) and Plaintiffs' Reply Brief to the Brief in Opposition (Doc. 74). Defendants request that the motion be denied, or in the alternative, that the motion be granted on the condition that Burton and Grondin reimburse Defendants for costs incurred in defending against their claims up to this point. Because litigation has been ongoing for over two (2) years, the extensive costs and efforts expended by Defendants, the risk of expensive and duplicative litigation, and because Burton and Grondin do not offer any explanation for their desire to withdraw at this stage, dismissal of their claims without prejudice would be unfair to Defendants, and the motion will be denied. Should Burton and Grondin wish, they may file another motion pursuant to Federal Rule of Civil Procedure ("FRCP") 41(a)(2) to request dismissal *with* prejudice.

## I. Background

**A. Factual Background**

The plaintiffs in the underlying action are seven (7) adults, and three (3) minor children. (Doc. 41, 3-4.) The plaintiffs who bring this instant motion are Bryanne Burton, along with her minor children M.B. and J.M., and Amanda Grondin, along with her minor child E.G. Defendants are WPX Energy Inc., the Williams Companies, Inc., and WPX Energy Appalachia, LLC, which all have their principal place of business at One Williams Center, Tulsa, Oklahoma. (*Id.*, 5.) Defendants own, operate and conduct exploration of natural gas wells. (*Id.,* 6.) Plaintiffs allege that their property and drinking water was contaminated as a result of the defendants' natural gas operations.

Specifically, Plaintiffs alleged that they were "adversely affected by Defendants' contamination of Plaintiffs' properties and persons with toxic, carcinogenic, and otherwise ultra-hazardous materials. . . . This caused Plaintiffs loss of use and enjoyment of their properties, loss of quality of life, emotional distress, and other damages." (*Id.,* 1-2.)

Plaintiffs Burton and Grondin now request to voluntarily dismiss their claims without prejudice because they "have no property interest in any land alleged to be impacted by contamination from Defendants' gas drilling, exploration, and production activities. Moreover, Burton and Grondin do not allege any personal injuries as a result of Defendants' activities." (Doc. 72, 3.) Burton and Grondin no longer want to participate in this litigation, and seek dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

Defendants oppose the motion, because it would expose them "to the risk of excessive and duplicative litigation, because WPX has expended significant resources in defending this litigation and because Burton and Grondin do not have a justifiable reason for their late request." (Doc. 73, 2.) Defendants request that I deny the motion, or alternatively, grant the motion on the condition that Burton and Grondin reimburse WPX reasonable attorney's fees and costs in defending against their claims.

**B. Procedural Background**

On April 9, 2012, Plaintiffs initiated this action by filing the Complaint (Doc. 1). On August 13, 2013, I issued an order putting this case on the standard case management track, with fact discovery ending in March 2014 and expert discovery ending in September 2014 (Doc. 29).

On August 28, 2013, Plaintiffs filed a motion for temporary injunction and restraining order (Doc. 31) to restrain the defendants from removing or causing the removal of the alternative water supply from plaintiffs' property and from reconnecting the water well on this property to the existing pump in its present condition. This was withdrawn on or about September 5, 2013, when Defendants agreed not to take such action. (Doc. 39.)

On October 3, 2013, Plaintiffs amended the Complaint for the third and final time to include all defendants (Doc. 41). Defendants filed an answer on October 30 (Doc. 43).

On November 11, 2013, WPX Energy Appalachia, LLC filed a Motion to permit entry onto land for removal of equipment (Doc. 47). Plaintiffs filed a Brief in Opposition to this motion (Doc. 50). On November 27, 2013, following proceedings held before me, I granted this motion (Doc. 53).

On March 17, 2014, in response to a joint request, I amended the case management schedule so that fact discovery would end in June 2014, and expert discovery would end in November 2014. (Doc. 56.) On April 22, 2014, I conducted a telephone conference with the parties on a discovery matter. (Doc. 37.) On June 20, 2014, in response to a second joint request, I amended the case management schedule again so that fact discovery would end in October 2014 and expert discovery would be completed in March 2014. (Doc. 63.) The case was placed on the May 2015 trial list. (*Id.*)

On September 16, 2014, Plaintiffs filed a motion for extension of time to complete discovery and modify the case management order (Doc. 67). Defendants opposed this motion and filed a response (Doc. 68). After a telephone conference, on September 25, I granted the motion and issued the third amended case management order. (Doc. 70.) Fact discovery was set to end on December 15, 2015, expert discovery was set to end on May

3

15, 2015, and the case was placed on the July 2015 trial list. (*Id.*)

On October 2, 2014, Plaintiffs Burton and Grondin filed the instant Motion to Dismiss without Prejudice pursuant to FRCP 41(a)(2) (Doc. 71), and a Memorandum of Law (Doc. 72). On October 29, 2014, Defendants filed a Brief in Opposition to this motion (Doc. 73). On November 12, Burton and Grondin filed a Reply Brief (Doc. 74).

## II. Legal Standard

Plaintiffs Burton and Grondin move to have their claims dismissed by court order pursuant to FRCP 41(a)(2). While FRCP 41, Dismissal of Actions, uses the term "actions," it pertains to individual claims within an action as well. *Tague v. Doctor's Assistance Corp.*, No. CIV A 07-4397, 2008 WL 4288061, at *2, n. 3 (E.D. Pa. Sept. 18, 2008) (citing *GF Gaming Corp. v. City of Black Hawk*, 405 F.3d 876, 887-88 (10th Cir.2005)).

FRCP 41(a)(2) addresses voluntary dismissal by court order. It states in pertinent part that except as set out in section (a)(1), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

Voluntary dismissal under FRCP 41(a)(2) is at the discretion of the district court. *Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir. 1974). *See also Elsevier, Inc. v. C'prehensive Microfilm & Scanning Servs., Inc.,* No. 3:10-CV-2513, WL 727943, at *2 (M.D. Pa. Mar. 6, 2012)*; Dodge–Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008). "The purpose of the grant of discretion under Rule 41(a) (2) . . . is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Elsevier* at *2 (citing *Dodge-Regupol*, 585 F. Supp. 2d at 652 (citing Charles A. Wright & Arthur R. Miller, 9 Fed. Prac. & Proc. Civ. 2d § 2364 n. 19)).

The Third Circuit Court of Appeals has noted that a "liberal policy has been adopted in the voluntary dismissal context. FRCP 41 motions 'should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second law suit.'" *In re Paoli*

*R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990) (citing J. Moore, *Moore's Federal Practice* ¶ 41.05[1], at 41–62 (1988)).

In examining a FRCP 41(a)(2) motion, "a court must examine the prejudice to the defendant, both in terms of legal prejudice and litigation expense." *Dodge-Regupol,* 585 F. Supp. 2d at 652 (citing *Schandelmeier v. Otis Div. of Baker–Material Handling Corp.,* 143 F.R.D. 102, 102–03 (W.D. Pa. 1992)).  "Relevant factors in this analysis include (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiffs' diligence in bringing the motion to dismiss and the explanation therefor; and (5) the pendency of a dispositive motion by the non-moving party." *Elsevier, Inc.* at *2 (quoting *Dodge-Regupol,* 585 F. Supp. 2d at 652).

### III. Discussion

In this instant matter, Plaintiffs Burton and Grondin seek to dismiss their claims without prejudice.  Burton and Grondin are two (2) out of seven (7) adult plaintiffs bringing this suit, and want the litigation to proceed with the other five (5) plaintiffs.  Burton and Grondin assert that they "are not property owners and currently have no property interest in any land alleged to be impacted by contamination from Defendants' gas drilling, exploration and production activities.  Moreover, Burton and Grondin do not allege any personal injuries as a result of Defendants' activities."  (Doc. 21, 2.)

Defendants request that the motion be denied, or in the alternative, that Burton and Grondin be required to reimburse them for all costs incurred.  Defendants argue that because of the time and effort they have expended over the past two years, and because Burton and Grondin give no explanation for their request for dismissal at this late stage, it would be prejudicial and improper to dismiss their claims at this point without prejudice.

The factors set out in *Elsevier* to determine whether there will be prejudice to a defendant in a 41(a)(2) motion provide guidance here.  The fifth factor, a dispositive motion by the non-moving party, is not relevant.  Defendants rely on the other four factors: "(1) the

excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiffs' diligence in bringing the motion to dismiss and the explanation therefor." *Elsevier, Inc.* at *2 (quoting *Dodge-Regupol,* 585 F. Supp. 2d at 652). Examining these factors, to allow Burton and Grondin to voluntarily dismiss their claims without prejudice at this point would cause Defendants to suffer prejudice.

Defendants argue that the first *Elsevier* factor is implicated here, the excessive and duplicative expense of a second lawsuit. While there must be prejudice to the defendants beyond the mere prospect of a second lawsuit for a FRCP 41(a)(2) motion to be granted without prejudice, *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d at 863, it is still a relevant factor. Were the claims of Burton and Grondin dismissed without prejudice, it would leave open the opportunity for them to bring the claims again at a later stage, in a separate lawsuit. Given that this litigation has been ongoing for close to three (3) years, this would be excessive and duplicative. Defendants have incurred great financial expense, and expended a great deal of effort in defending against these claims. Furthermore, as Burton and Grondin themselves point out, they are the daughters of Plaintiff Tammy Manning, and their claims stem from their time spent living in her home, further adding to the duplicative nature of a second lawsuit. Burton and Grondin offer no other explanation as to why they seek to have their claims 7dismissed without prejudice at this stage.

The majority of Defendants' argument rests on the second factor, the effort and expense incurred by the defendant in preparing for trial, and the third factor, the extent to which the current suit has progressed. They argue that the litigation has been ongoing for over two years, and fact discovery was about to conclude when Burton and Grondin filed their motion. Defendants point to the pages of documents produced and hours spent in defense of these claims. They argue that for these two plaintiffs to withdraw their claims without prejudice at this stage would be oppressive and prejudicial to them, given how much time Defendants have already devoted to the suit. Burton and Grondin assert that much of this work has not been particular to their claims, rather, it has been in defense of the

6

entire lawsuit. Because the other five (5) plaintiffs intend to proceed, this time spent has not created prejudice or unfairness. However, Burton and Grondin have not shown this with any specificity. While they have not been deposed, they have answered interrogatories. Furthermore, were they to re-file their claims in separate lawsuits, this would be duplicative. Given the extensive period of time that has passed, the extensive discovery that has been undertaken, and the lack of evidence to the contrary, it appears that defendants have expended a great deal of time and effort in defending against Burton and Grondin's claims, which weighs heavily against granting the motion to dismiss without prejudice.

Finally, with respect to the fourth factor, the plaintiffs' diligence in bringing the motion to dismiss and the explanation therefor: Burton and Grondin offer no explanation for their decision to file this motion after two (2) years of litigation. While they explain that they do not wish to pursue the claim because they are not owners of the property at issue and have no personal injury claims, this was true when they filed this lawsuit. (Doc. 21, 2.) Furthermore, Plaintiffs offer no explanation or justification as to why they seek voluntary dismissal *without* prejudice. "The purpose of the grant of discretion under Rule 41(a) (2) . . . is primarily to prevent voluntary dismissals which unfairly affect the other side . . ." *Elsevier* at *2, *supra*. To dismiss Burton and Grondin's claims without prejudice at this stage would unfairly affect the defendants. Should Burton and Grondin wish to file another motion for voluntary dismissal *with* prejudice pursuant to FRCP 41(a)(2), they may.

## IV. Conclusion

For the above reasons, the motion (Doc. 71) of Plaintiffs Burton and Grondin will be denied. An appropriate order follows.

 January 13, 2015 /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge