**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TAMMY MANNING, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:CV-12-0646 |
| v. | (JUDGE CAPUTO) |
| WPX ENERGY APPALACHIA, LLC, et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is a Motion for Partial Summary Judgment filed by Defendants WPX Energy Inc., the Williams Companies, Inc., and WPX Energy Appalachia, LLC. (Doc. 83.) Plaintiffs' Third Amended Complaint (Doc. 41) contains six (6) counts, and Defendants seek summary judgment on Counts I, IV, and VI, claims for intentional trespass in Count V, and all claims by Plaintiffs Bryanne Burton, Amanda Grondin, and Robert Lee, Jr. In response to the Motion for Summary Judgment, Plaintiffs withdrew their claims under Count I, Count IV, and Count VI, and stated that they do not claim intentional trespass, only negligent trespass. (Doc. 89, 6.) Thus, the Summary Judgment Motion remains pending only with respect to Plaintiffs Grondin, Burton, and Lee.

Because Plaintiffs have withdrawn these claims, the Motion for Summary Judgment will be *denied* as moot with respect to Counts I, IV and VI of Plaintiffs' Third Amended Complaint (Doc. 41). Because Plaintiffs do not assert intentional trespass, Defendants' Motion will be *denied* as moot to the extent that it seeks summary judgment on intentional trespass. Because Plaintiffs Grondin and Burton do not oppose summary judgment, their claims will be deemed abandoned, and Defendants' Partial Motion for Summary Judgment will be *granted* with respect to the claims of Plaintiffs Grondin, Burton, and their minor children. Because Plaintiff Lee retains the deed to the allegedly damaged property, as well as legal title, and may in the future regain equitable title, he has potentially suffered an injury and summary judgment will be *denied* with respect to the claims of Plaintiff Lee.

# I. Background

**A. Factual Background**[1]

The plaintiffs in the underlying action are seven (7) adults and three (3) minor children. (Doc. 41, 3-4.) For the purposes of the instant motion (Doc. 83), only facts that relate to Plaintiff Robert Lee, Jr. and his property are pertinent. Plaintiff Lee is an adult who resided at all relevant times in Washington Crossing, Pennsylvania. (Doc. 41, ¶ 9.) Plaintiff Lee owned property located at 20784 State Road 29, Montrose, Pennsylvania ("State Road 29 property"). (Doc. 85, ¶ 1.) Defendants are WPX Energy Inc., the Williams Companies, Inc., and WPX Energy Appalachia, LLC, which all have their principal place of business at One Williams Center, Tulsa, Oklahoma. (Doc. 41., 5.) Defendants own, operate and conduct exploration of natural gas wells. (*Id.,* 6.) Plaintiffs allege that their property and drinking water were contaminated as a result of the defendants' natural gas operations.

**1. Agreements between the Mannings and Plaintiff Lee**

In October 2010, Plaintiff Lee entered into a "Lease with Purchase Option" agreement with Plaintiffs Tammy and Matthew Manning ("the Mannings") to sell his State Road 29 property. (Doc. 85, ¶ 2; Tammy Manning Dep. 46:9, October 8, 2014.) Pursuant to this agreement, the Mannings paid Plaintiff Lee $800 in rent every month, and an additional $400 every month toward purchasing the property. (*Id*., 47:4-10.) The purchase price was $110,000, and the down payment was $5,000. The Mannings would only begin purchasing

---

[1] Plaintiffs did not file a separate, paragraph-numbered responsive Statement of Material Facts controverting Defendants' properly filed Statement of Material Facts (Doc. 85), as required by Middle District of Pennsylvania Local Rule 56.1: "The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph . . ." M.D. Pa. L.R. 56.1. Thus, all facts set forth in Defendants' Statement of Material Facts are deemed admitted, to the extent that they are supported by the record, pursuant to Local Rule 56.1: "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." *Id.*

2

the property once the sum of the monthly $400 payments totaled $5,000. (*Id.,* 48:12-24.) In November 2010, the Mannings moved into Plaintiff Lee's property on State Road 29 in Montrose. (*Id.*, 46:21-23.)

On June 12, 2012, Plaintiff Lee, along with his wife ("the Lees"), and the Mannings signed an agreement to sell the property to the Mannings. (Doc. 85, ¶ 3; Doc. 86-1, *Ex. A,* 19.) The Mannings agreed to pay $110,000 for the property, in monthly installments of $886.05 over the course of fifteen (15) years. (*Id.*) According to the agreement, attached as an exhibit to the Motion for Summary Judgment, the deed of conveyance was to be made, executed, and delivered once the whole purchase price was paid. (Doc. 86-1, 19.)   On June 12, 2012, the Lees entered into a separate agreement with the Mannings, attached to the Motion as an exhibit. (*Id.*, 15.) This agreement recognized that "there is currently a problem with the well water on said real estate allegedly caused by the gas industry, and the parties are involved in a lawsuit against the gas company." (*Id.*) The agreement had three (3) central provisions: First, the Mannings (identified in the agreement as the "Buyers") would release the Lees (identified as the "Sellers") from all liability stemming from the quality of well water on the property. (*Id.*) Second, "in the event the parties hereto receive any monies" from this action, "Buyers will pay the outstanding balance of the parties' land contract from said monies. Any monies received from said lawsuit over and above the remaining balance . . . shall be the sole property of Buyers." (*Id.*) Finally, the Agreement stated that: "However, in the event Buyers should abandon the premises or default on said land contract to the point where Sellers take possession of said real estate, then and in that event, Buyers shall have no interest in the monies from said lawsuit and said monies shall be the sole property of Sellers." (*Id.*) This agreement forms the basis of Defendants' Motion for Summary Judgment on Plaintiff Lee's claims.

**2. Alleged Contamination**

Plaintiffs allege that their property and drinking water were contaminated as a result of Defendants' natural gas operations at two sites beginning in December 2011. Both sites were permitted by the Pennsylvania Department of Environmental Protection ("DEP"). (Doc. 85, ¶¶ 28, 31.) One site, the "Hollenbeck wells," consists of four (4) natural gas wells, and is located approximately 4,000 feet from the State Road 29 property. (*Id.,* ¶¶ 27, 29.) The other site, known as the "Depue wells," also consists of four (4) natural gas wells, and is located approximately 7,000 feet from the State Road 29 property. (*Id.,* ¶¶ 30, 32.)

In December 2011, the Mannings allegedly began to notice problems with their water, specifically that it was grey and their well was spouting. (*Id.*, ¶ 5; Manning Dep. 93:8-13.) The DEP began an investigation. (*Id.*, ¶ 6.) Defendant WPX provided the Mannings with an alternate water supply in the form of a water storage tank and water to fill it. (*Id.*) The Mannings also purchased bottled water, and had water delivered from a neighbor's hydrant that came from the town's water. (Manning Dep. 250:15-252:5.) In April 2013, the DEP concluded its investigation, and WPX stopped providing water to the tank. (Doc. 85, ¶¶ 7-8.)

**B. Procedural Background**

Plaintiffs initiated this action on April 9, 2012 by filing a Complaint (Doc. 1), which they amended on May 3 (Doc. 2) and May 7 (Doc. 7). On June 28, Defendants filed an Answer (Doc. 10). On August 13, 2013, I issued the first Case Management Order, since amended, placing this action on the January 2015 trial list (Doc. 29).

On August 28, 2013, Plaintiffs filed an unopposed Motion for Joinder to join WPX Energy Appalachia, LLC (Doc. 30), which I granted (Doc. 33). Also on August 28, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 31) to stop Defendants from removing the alternate water supply and reconnecting the water wells to the existing pump. Plaintiffs withdrew this motion in September 2013, when Defendants agreed not to take such action. (Doc. 39.)

On October 3, 2013, Plaintiffs filed the most updated complaint, the Third Amended

Complaint (Doc. 41), which Defendants answered on October 30 (Doc. 43). It contained six (6) counts: Count I alleges liability under the Hazardous Sites Cleanup Act, 35 P.S. §§ 6020.101 *et seq.* Count II alleges negligence *per se*. Count III alleges private nuisance. Count IV alleges strict liability for damages caused by abnormally dangerous and hazardous activities. Count V alleges trespass. Count VI requests medical monitoring trust funds.

In November 2013, Defendants field a Motion to Permit Entry onto Land for Removal of Equipment (Docs. 44, 46, 47), which Plaintiffs opposed (Doc. 50). After a hearing on November 19, 2013, I granted the motion (Doc. 53).

On September 25, 2014, I issued the most recent Amended Case Management Order, setting fact and expert discovery to end in December and May 2015, respectively. On December 23, 2014, Defendants filed a motion to amend this order (Doc. 75), which I granted on January 5, 2015, and set deadlines of June 1 for disclosures, and April 15 for dispositive motions and briefs. (Doc. 76.) The action is on the October 2015 trial list.

On October 2, 2014, Plaintiffs Bryanne Burton and Amanda Grondin filed a Motion to Dismiss without prejudice pursuant to F.R.C.P. 41(a)(2) (Doc. 71). Defendants opposed this motion (Doc. 73), and I denied it on January 13, 2015 (Doc. 80).

On January 12, 2015, Plaintiffs filed a motion for an extension of time to complete expert discovery (Doc. 77), which I granted on January 13 (Doc. 78). Plaintiffs had until February 1 to serve their expert reports, and February 23 to serve their expert appraisal reports. Defendants had until March 6 to serve their expert reports, and until March 16 to serve their expert appraisal reports. (Doc. 78.)

On April 15, 2015, Defendants filed this instant Motion for Partial Summary Judgment and a Brief in Support (Docs. 83, 84). They also filed a Statement of Facts (Doc. 85) and an Appendix (Doc. 86) containing sixteen (16) exhibits. On May 1, Plaintiffs filed a Motion for Extension of Time to Respond (Doc. 87), which I granted (Doc. 88). On May 21, Plaintiffs filed a Brief in Opposition to the Motion for Summary Judgment (Doc. 89).

Of the six (6) counts in the Amended Complaint (Doc. 41), Defendants seek summary judgment on Counts I, IV, VI, on Count V to the extent it claims intentional trespass, and on

5

all claims by Plaintiffs Bryanne Burton, Amanda Grondin, and Robert Lee. Defendants seek summary judgment against Plaintiff Lee because they assert he did not suffer damages. (Doc. 83, 4.)  In their Brief in Opposition, Plaintiffs withdrew Count I (Hazardous Sites Cleanup Act), Count IV (strict liability), and Count VI (medical monitoring).  (Doc. 89, 6.) Plaintiffs also stated that they do not claim intentional trespass, only negligent trespass. (*Id.*) Thus, Summary Judgment remains pending on Counts II (negligence), III (private nuisance), and V (negligent trespass) for Plaintiffs Grondin, Burton, and Lee. This matter is fully briefed and ripe for disposition.

## II. Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)).  A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. *See Edelman v. Comm'r of Soc. Sec.*, 83 F.3d 68, 70 (3d Cir. 1996).  Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.  Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010).  The moving party may present its own evidence or, where the non-moving party has the burden of proof, simply point out to the

court that "the non-moving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57. The Court need not accept mere conclusory allegations, whether they are made in the Complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. N.J. Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id*. (quoting *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a Summary Judgment Motion, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III. Discussion

**A. Plaintiffs Grondin and Burton**

In Plaintiffs' Brief in Opposition (Doc. 89), as to the claims of Plaintiffs Grondin and Burton and their minor children, Plaintiffs included only that "no opposition is submitted." (*Id.*, 3.) A Plaintiff abandons a claim when they fail to respond to defendants' arguments for summary judgment as to that claim. *Anderson v. Penn. State Police*, 2015 WL 2213415, at *1 (M.D. Pa. May 11, 2015) (citing *Smith v. Lucas*, 2007 WL 1575231, at *9 n. 11 (M.D. Pa.

May 31, 2007) (holding that plaintiff abandoned her claims by failing to support them in response to a motion for summary judgment)).  Thus, Plaintiffs Grondin and Burton are deemed to have abandoned their claims, and summary judgment will be *granted* with respect to them.

**B. Plaintiff Lee**

Defendants argue that they are entitled to summary judgment with respect to Plaintiff Lee because he suffered no damages.  (Doc. 83, ¶ 9.)  In this action generally, Defendants dispute that they are at all liable to any of the plaintiffs.  (Doc. 43.)  However, their motion for summary judgment with respect to Plaintiff Lee only addresses his lack of damages, stemming from his contractual agreements with the Mannings.  (Doc. 84, 28.)  I will not grant summary judgment against Plaintiff Lee, because given the record at present, Defendants are not entitled to judgment as a matter of law against him.

Defendants assert that summary judgment is warranted because Plaintiff Lee has not suffered any damages, since he entered into an agreement on June 12, 2012 which set out that the Mannings are entitled to any money they may win in this action, less the balance of the money owed to Plaintiff Lee for the property.  (Doc. 86-1, 15.)  This agreement was signed concurrently with an installment land contract, in which the Lees agreed to sell the property at issue to the Mannings over the course of fifteen (15) years.  (*Id.*)

However, this is a limited reading of the agreement bet ween the Mannings and the Lees.  The agreement also contains a provision that immediately follows, which states: "However, in the event Buyers [Mannings] should abandon the premises or default on said land contract to the point where Sellers [Lees] take possession of said real estate, then and in that event, Buyers shall have no interest in the monies from said lawsuit and said monies shall be the sole property of Sellers." (*Id.*)

At present, the Mannings have yet to complete their payments: the agreement, signed in 2012, sets out that the payments are to be made over fifteen (15) years. According to the installment agreement, the deed of conveyance was to be made, executed, and delivered

8

once the whole purchase price was paid. (Doc. 86-1, 19.) Plaintiff Lee retains the deed to the property, and he could retake possession should the Mannings fail to make payments. He is entitled to any damages stemming from injury to his property, such as the contamination alleged in this action.

Additionally, under Pennsylvania law, installment land contracts such as this one are governed by 68 P.S. §§ 901-911. Under this law, the seller in an installment land contract retains legal title to the property as security for the purchaser's performance of the contract. 68 P.S. § 603 *Notes of Decision* (West).

The fact that the Mannings and Plaintiff Lee signed an agreement stating that the Mannings are entitled to all money they win in this action, less the balance of the money owed to Plaintiff Lee for the property, does not indicate that Plaintiff Lee suffered no damages. Because Plaintiff Lee retains the deed to the allegedly damaged property, as well as legal title, and may in the future regain equitable title, he has potentially suffered an injury. Based on the foregoing, summary judgment is not warranted and Defendants' motion will be *denied* with respect to Plaintiff Lee.

## IV. Conclusion

For the above reasons, Defendants' Motion for Partial Summary Judgment (Doc. 83) will be *granted* with respect to the claims of Plaintiffs Grondin, Burton, and their minor children. Summary judgment will be *denied* with respect to the claims of Plaintiff Lee. The Motion will be *denied as moot* with respect to Counts I, IV, V and VI of Plaintiffs' Third Amended Complaint (Doc. 41). An appropriate order follows.

| | |
|---|---|
| June 30, 2015 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |